**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY GONZALES, aka Johnny Gonzalez,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>              Respondent. | No. 12-70484<br><br>Agency No. A072-531-638<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2013[**]
San Francisco, California

Before: GRABER and CHRISTEN, Circuit Judges, and TUNHEIM,[***] District
Judge.

   Petitioner Johnny Gonzales petitions for review of the Board of Immigration

Appeals' ("BIA") denial of relief from removal.  Reviewing for substantial

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

   [***] The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

evidence, Zhiqiang Hu v. Holder, 652 F.3d 1011, 1016 (9th Cir. 2011), we deny the petition.

1. Substantial evidence supports the BIA's finding that Petitioner failed to show that he suffered past persecution on account of a protected ground under 8 U.S.C. § 1158(b)(1). The record does not compel the conclusion that Petitioner suffered harm rising to the level of persecution on account of his religion during the one incident in which Petitioner hid under the bed. Even assuming that Petitioner fell within a purported social group of "sexually exploited, abandoned Guatemalan children," see generally Santos-Lemus v. Mukasey, 542 F.3d 738, 745–46 (9th Cir. 2008), the record does not compel the conclusion that his attackers attacked him because of his membership in that group.

2. Substantial evidence supports the BIA's finding that Petitioner failed to show that he has a well-founded fear of future persecution on account of a protected ground under 8 U.S.C. § 1158(b)(1). We have previously rejected, as bearing no nexus to a protected ground, a petitioner's argument that "he was afraid of gang violence because he had tattoos that gang members might mistake as a sign of membership in a rival gang." Zetino v. Holder, 622 F.3d 1007, 1016 (9th Cir. 2010).

3.  Because Petitioner has shown neither past persecution nor fear of future persecution, his asylum claim fails.  8 U.S.C. § 1158(b)(1); 8 C.F.R. § 1208.13(b).

4.  "Because [Petitioner's] asylum claim fails, [he] necessarily cannot satisfy the more stringent standard of proof required to demonstrate eligibility for withholding of removal."  Loho v. Mukasey, 531 F.3d 1016, 1019 (9th Cir. 2008).

5.  Substantial evidence supports the BIA's conclusion that Petitioner failed to establish his eligibility for relief under the Convention Against Torture.

**Petition DENIED.**